**DUFF–NORTON COMPANY, a Corporation, Appellant-Cross Appellee,**

v.

**Ralph A. RATCLIFF, an Individual, Appellee-Cross Appellant.**

No. 19893.

United States Court of Appeals
Ninth Circuit.

June 16, 1966.

Jack E. Dominik, of Dominik & Stein, Chicago, Ill., Carl Hoppe, of Hoppe, Mitchell, Murtha & Anderson, San Francisco, Cal., for appellant.

Milton W. Schlemmer, San Francisco, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

At issue is the validity of appellant's patent upon a lever-operated chain hoist.[1] The District Court entered judgment for appellee, ruling the patent invalid. We affirm.

The court in its findings dealt at length with the prior art. It found that the claims in issue "call for a mere mechanical arrangement of known elements, virtually all of which are shown in combination in prior patents for both hoists and other related lifting devices designed to produce and which do produce the same results claimed." It found the claims invalid for want of invention since they were obvious in light of the prior art, and for lacking novelty since they were anticipated by prior art. Claims 5 and 6 of the patent are representative of the claims in issue and are set forth in the margin.[2]

Appellant attacks these findings, pointing to certain features of its manufac-

---

1. Coffing Patent No. 2,670,176.

2. *"Patent Claim 5.*
   A lever operated chain hoist including a chain sheave,
   a housing mounting said sheave for rotation therein,
   a rotatable ratchet tooth wheel rotatable with and offset, axially of said sheave within said housing,
   a holding pawl pivotally mounted in said housing normally biased into ratchet tooth engagement for restraining said wheel from rotation in one direction,
   a load pawl carrying arm pivotally mounted axially of said ratchet wheel and adjacent thereto to extend radially therefrom and oscillate thereabout within said housing,
   a load pawl pivotally mounted on said arm normally biased into ratchet tooth engagement,
   *a handle operated lever arm pivotally mounted within said housing closely adjacent said ratchet wheel and pawl carrying arm,*
   and a link mounted within said housing connecting the free end of said lever arm with the free end of said load pawl carrying arm, whereby oscillation of said lever arm within said housing will effect oscillation of said pawl carrying arm and load pawl about the axis of said sheave."

   *"Patent Claim 6.*
   A lever operated chain hoist including a chain sheave,
   a housing mounting said sheave for rotation therein,
   a rotatable ratchet tooth wheel rotatable with and offset axially of said sheave within said housing,
   a holding pawl pivotally mounted in said housing normally biased into ratchet tooth engagement for restraining said wheel from rotation in one direction,
   a load pawl carrying arm pivotally mounted axially of said ratchet wheel and adjacent thereto to extend radially therefrom and oscillate thereabout within said housing,
   a load pawl pivotally mounted on said arm normally biased into ratchet tooth engagement,
   a reversing ring mounted for concentric movement about the axis of said sheave having opposed cam lobes,
   a spring for biasing said ring under tension in a direction for camming engagement with said pawls to alternately move them out of ratchet tooth engagement,
   a manually operated control member for locking said ring in inoperative position against spring tension,
   *a handle operated lever arm pivotally mounted within said hous-*

tured product which, it asserts, distinguish that hoist from prior art: (1) that its hoist is of greater efficiency and reduced weight; (2) that it is fully enclosed in a housing; (3) that the hoist controls are all on the housing rather than on the handle of the hoist; (4) that the hoist operates upon a mechanical principle new to the art: its structural elements operate in compression rather than in tension. Appellant assigns as error the failure of the District Court to make any findings as to the existence or novelty of these features.

Appellant's trouble is that these features are not included in the claims of the patent; nor is their novelty stressed (or even mentioned) in the specifications.

Greatest emphasis is placed by appellant upon the last of these features —that relating to compression. Appellant contends that this feature is brought within the patent by the claim of "a handle-operated lever arm pivotally mounted within said housing, closely adjacent said ratchet wheel and pawl carrying arm." Appellant argues that the only way in which the lever arm could be closely adjacent to the ratchet wheel and pawl carrying arm in the sense in which the term is used in the patent was through resort to compression. "Closely adjacent," however, is nowhere defined in the patent. The phrase appears only in the claims. Absent definition or clarification, such relative and general language cannot be held to impart patentable distinction or novelty over prior art.

Since these features were not claimed it was not error for the court to fail to make findings with reference to them.

Upon the appeal of Duff-Norton judgment is affirmed.

Appellee has taken a protective cross appeal from the District Court's judgment holding appellant's patents to have been infringed. Our disposition of appellant's appeal makes it unnecessary for us to reach the issues of infringement.

Appellee has also appealed from the failure of the District Court to award appellee expenses of suit upon the ground that appellant's patent was obtained by fraud upon the patent office. The fraud alleged by appellee was failure of the inventor fully to reveal to the patent office prior art of which he was aware, including his own prior patents. Appellee here relies on Admiral Corporation v. Zenith Radio Corporation, 296 F.2d 708 (10th Cir. 1961).

In our judgment the prior art which the inventor is accused of failing to reveal is not so undisputably and obviously relevant as to disclose actual knowledge that the subject of the proposed patent was anticipated. In our view the test proposed by *Admiral* does not apply under these circumstances.

Upon the cross appeal of Ratcliff judgment affirmed.

---

*ing closely adjacent said ratchet wheel and pawl carrying arm,*
and a link mounted within said housing connecting the free end of said lever arm with the free end of said load pawl carrying arm, whereby oscilla-

tion of said lever arm within said housing will effect oscillation of said pawl carrying arm and load pawl about the axis of said sheave."
In both instances emphasis is supplied.